UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSE MARIO PEREZ,

Plaintiff,

v.

MORAVEDA REALTY CORP. AND YEMEN COFFEE ON 34TH LLC,

Defendants.
------------------------------------------------------------x

CV

COMPLAINT

JURY TRIAL REQUESTED

**COMPLAINT**

Plaintiff Jose Mario Perez (hereafter referred to as "Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants Moraveda Realty Corp. and Yemen Coffee On 34th LLC (together referred to as "Defendants"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").

2. As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3. These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendants to accept responsibility.

4. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

8. At all times relevant to this action, Plaintiff Jose Mario Perez has been and remains currently a resident of the State and City of New York.

9. At all times relevant to this action, Plaintiff Jose Mario Perez has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

10. Defendant Moraveda Realty Corp. owns the property located at 142 West 34th Street in New York County, New York (hereinafter referred to as "142 West 34th Street").

11. At all relevant times, defendant Yemen Coffee On 34th LLC operates a Yemeni café doing business as Moka & Co.

12. At all relevant times, defendant Yemen Coffee On 34th LLC operates and/or leases from defendant Moraveda Realty Corp. property located at 142 West 34th Street in which the Yemeni café doing business as Moka & Co is located (hereinafter referred to as the "Moka & Co premises").

13. Upon information and belief, Moraveda Realty Corp. and Yemen Coffee On 34th LLC have a written lease agreement.

14. Each defendant is licensed to and does business in New York State.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Moka & Co premises located at 142 West 34th Street, within the meaning of the ADA (42 U.S.C. § 12181 and

28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

16. The Moka & Co premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102) as it is a facility operated by a private entity and its operations affect commerce.

17. Numerous architectural barriers exist at the Moka & Co premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the entrance, the dining areas, the upper level, the toilet room, and paths of travel.

18. Upon information and belief, at some time after January 1992, alterations were made to 142 West 34th Street, including areas adjacent and/or attached to 142 West 34th Street, most recently in or about 2024.

19. Upon information and belief, at some time after January 1992, alterations were made to the Moka & Co premises, and to areas of 142 West 34th Street related to the Moka & Co premises, including alterations made by or on behalf of Defendants in or about 2024.

20. The retail space in which the Moka & Co premises is located has been modified multiple times. Upon information and belief, the space was previously occupied by, among others, a kids sneaker store, a souvenir shop and a cannabis store.

21. Records of the New York City Department of Buildings reflect the following alterations to 142 West 34th Street, among others: (a) Job No. 103840220, filed July 21, 2004 and signed off July 29, 2005, comprising removal and installation of non-

load-bearing partitions and related finishes (estimated cost $154,000), modification of the HVAC system and installation of plumbing fixtures (estimated cost $68,000), and structural modification of existing framing (estimated cost $13,000), all on the ground floor, for total estimated costs of $235,000; (b) Job No. 120850533, filed October 4, 2011, with an estimated cost of $40,000, for interior work, including new shelving, carpeting, and display cases, and a new storefront on the first floor; (c) Job No. 121737246, filed August 12, 2013 and signed off March 25, 2014, for the interior renovation of existing commercial space on the cellar, first, and second floors, with minor work on the third floor, including architectural, plumbing, and mechanical work, with an estimated cost of $655,716; and (d) Job No. 122225742, filed December 29, 2014 and signed off October 11, 2017, for the interior renovation of existing commercial space on the first floor, with an estimated cost of $108,329.

22. Upon information and belief, in or about June 2024, following the departure of the cannabis store, alterations were undertaken to build out the Moka & Co premises. Those alterations were filed with the New York City Department of Buildings under Job No. M01067533, encompassed general construction, structural, and plumbing work with a total reported cost of $151,000, and were the subject of permits issued by the Department of Buildings.

23. Because the application for the 2024 alterations to the Moka & Co premises was filed after March 15, 2012, those alterations were required to comply with the 2010 Standards. 28 C.F.R. § 36.406(a)(3). Earlier alterations made to the space after January 26, 1992, including any made for prior tenants, were likewise required to comply with the applicable accessibility standards in effect at the time.

24. Within the past three years of filing this action, Plaintiff attempted to and desired to access, and in fact patronized, the Moka & Co premises.

25. Plaintiff, however, was and is unable to fully and equally access the Moka & Co premises as it is not readily accessible to, or usable by Plaintiff.

26. The services, features, elements and spaces of the Moka & Co premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

27. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the NYSHRL, NYCHRL, 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Moka & Co premises that are open and available to the public.

28. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"), the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014/2022 Ref

Std") and the 2022 New York City Building Code ("2022 BC") including the 2014/2022 Ref Std.

29. Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the Moka & Co premises as well as architectural barriers that exist include, but are not limited to, the following:

I. The public entrance to the Moka & Co premises is not accessible.
*Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

II. The entrance to the Moka & Co premises contains a change in level within the maneuvering clearance at the public entrance doors that is greater than 1/2-inch and is not ramped.
*Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*
*Changes in level greater than ½ inch high minimum shall be ramped. See 1991 ADA §4.3.8; 2010 ADA § 303.4; 1968 Ref Std § 4.3.8 and 4.5.2; 2008 Ref Std § 303.3; and 2014/2022 Ref Std § 303.4.*

III. Maneuvering clearances for pulling open the public entrance doors to the Moka & Co premises are not provided.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

IV. No signage identifies an accessible public entrance to the Moka & Co premises (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6;*

*1968 BC § 27- 292.18; 2008 BC § 1110; 2014 BC §§ 1101.3.4 and 1110; and 2022 BC §§ 1101.3.4 and 1111.*

V. There is no directional signage at the inaccessible public entrance to the Moka & Co premises that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).
*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; 2014 BC §§ 1101.3.3; and 1110.2; and 2022 BC §§ 1101.3.3; and 1111.2.*

VI. Defendants fail to provide accessible dining surfaces at the Moka & Co premises.
*Where dining surfaces for the consumption of food or drink are provided, at least 10 percent of the total number of seating and standing spaces, but not less than one, of each type of dining surfaces shall be accessible and be distributed throughout the facility and located on a level accessed by an accessible route. See 2022 BC § 1108.2.9.1.*
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

VII. Accessible dining surfaces at the Moka & Co premises are not identified by the International Symbol of Accessibility (to the extent Defendants claim they provide accessible table(s)).
*Defendants fail to provide that accessible seating shall be identified by the International Symbol of Accessibility. See 2008 BC § 1110.1(9); 2014 BC § 1110.1(11); and 2022 BC § 1111.1(12).*

VIII. Defendants fail to disperse accessible dining surfaces within the Moka & Co premises (to the extent Defendants claim they provide accessible dining surfaces).
*Defendants fail to provide that accessible dining surfaces shall be dispersed throughout the space or facility containing dining surfaces. See 1991 ADA § 5.1 and 2010 ADA § 226.2.*

IX. The dining tables have chairs, posts and a base or legs that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide (due to chairs, table pedestals, posts a base or table legs) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA §*

*902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § 902.2; and 2014/2022 Ref Std § 902.2.*

X. There is no accessible seating at the bar in the Moka & Co premises.
*Where seating is provided at dining or drinking counters, at least one 60 inch (1524 mm) long portion of the counter shall be provided with two accessible seating spaces. Such accessible seating space shall not be located within 40 inches (1016 mm) of either end of the counter, so as to provide individuals with disabilities with the same level of service and experience as that provided to others. See 2022 BC § 1108.2.9.2.*
*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 ADA §§ 5.1 and 5.2.*
*Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA §§ 226.1 and 902.*
*Defendants fail to provide that at least 5 percent of the seating and standing spaces are accessible. See 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10.*

XI. The bar at the Moka & Co premises exceeds 34 inches in height.
*The tops of accessible dining surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor. See 1991 ADA § 4.32.4; 2010 ADA § 902.3; and 2022 BC § 902.4.*

XII. The second floor level of the Moka & Co premises is accessible only by stairs.
*Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site. See 1991 ADA §§ 4.1.2(2); 4.1.3(1); and 4.3.2; 2010 ADA §§ 206.2.2 and 206.2.4; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2; 2008 BC §§ 1104.2 and 1104.4; 2014 BC §§ 1104.2 and 1104.4 and 2022 BC §§ 1104.2 and 1104.4.*

XIII. There are steps to access the second floor level of the Moka & Co premises which have a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

XIV. The toilet room in the Moka & Co premises is not accessible.
*Defendants fail to provide accessible toilet facilities. See 1991 ADA § 4.1.3(11); 2010 ADA § 213.1; 1968 BC § 27-292.12; 2008 BC § 1109.2; 2014 BC § 1109.2; 2022 BC § 1109.2.*

XV. The toilet room is too small and lacks the required turning space.
*Defendants fail to provide turning space within the toilet room. See 1991 ADA § 4.22.3; 2010 ADA § 603.2.1; 1968 Ref Std § 4.22.3; 2008 Ref Std § 603.2.1; and 2014/2022 Ref Std § 603.2.1.*
*Defendants fail to provide the minimum required turning space of 60 inches in diameter within the toilet rooms or a T-shaped space within a 60 inch square minimum with arms and base 36 inches wide minimum, clear of obstructions. See 1991 ADA § 4.2.3; 2010 ADA § 304.3; 1968 Ref Std § 4.2.3; 2008 Ref Std § 304.3, and 2014/2022 Ref Std § 304.3.*

XVI. The water closet in the toilet room lacks the required clearances due to the size of the toilet room.
*Defendants fail to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 1991 ADA § 4.17.3; 2010 ADA § 604.3.1; 1968 Ref Std § 4.17.3; 2008 Ref Std § 604.3.1; and 2014/2022 Ref Std §§ 604.3.1 and 604.3.2.*

XVII. The water closet in the toilet room lacks a vertical grab bar.
*Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2008 Ref Std § 604.5.1; and 2014/2022 Ref Std § 604.5.1.*

XVIII. Maneuvering clearances for pulling open the toilet room door to exit are not provided.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014/2022 Ref Std § 404.2.3.*

XIX. The door at the toilet room has a slide bolt that requires tight grasping and/or pinching.
*Defendants fail to provide handles, pulls, latches, locks, and other operable parts that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 ADA § 4.13.9; 2010 ADA § 404.2.7; 1968 Ref Std § 4.13.9; 2008 Ref Std § 404.2.6; and 2014/2022 Ref Std § 404.2.6.*

XX. The coat hook in the toilet room is mounted too high and is not within an accessible reach range.
*Defendants fail to provide operable parts within an accessible reach range. See 1991 ADA § 4.2.6; 2010 ADA § 308.3.1, 1968 Ref Std § 4.2.6; 2008 Ref Std § 308.3.1; and 2014/2022 Ref Std § 308.3.1.*

XXI. The toilet paper dispenser in the toilet room is not located within the required distance of the water closet.
*Defendants fail to provide an accessible water closet with a toilet paper dispenser that is located between 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 ADA § 604.7; and 2008 Ref Std § 604.7.*
*Defendants fail to provide an accessible water closet with a toilet paper dispenser that is located 36 inches maximum measured perpendicular from the rear wall. See 1991 ADA § 4.17.3; and 1968 Ref Std § 4.17.3.*
*Defendants fail to provide an accessible water closet with a toilet paper dispenser that is located either between 24 inches minimum and 36 inches maximum measured perpendicular from the rear wall (where the dispenser is located above the grab bar), or between 24 inches minimum and 42 inches maximum measured perpendicular from the rear wall (where the dispenser is located below the grab bar). See 2014/2022 Ref Std § 604.7.*

XXII. The lavatory faucet has cross handles that require tight grasping and/or twisting of the wrist.
*Defendants fail to provide faucets with controls that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 ADA §§ 4.19.5 and 4.27.4; 2010 ADA §§ 606.4 and 309.4; 1968 Ref Std §§ 4.19.5 and 4.25.4; 2008 Ref Std §§ 606.4 and 309.4; and 2014/2022 Ref Std §§ 606.4 and 309.4.*

XXIII. The pipes under the lavatory are exposed and not insulated or otherwise configured to protect against contact.
*Defendants fail to provide that water supply and drain pipes under lavatories are insulated or otherwise configured to protect against contact. See 1991 ADA §§ 4.19.4 and 4.24.6; 2010 ADA § 606.5; 1968 Ref Std § 4.19.4; 2008 Ref Std § 606.6; and 2014/2022 Ref Std § 606.6.*

30. Plaintiff either personally encountered or has knowledge of such barriers to access.

31. Upon information and belief, a full inspection of the Moka & Co premises will reveal the existence of other barriers to access.

32. To ensure Defendants properly remedy their discriminatory violations and to avoid piecemeal litigation, Plaintiff requires a full inspection of the Moka & Co premises in order to catalogue all of the areas of non-compliance with the ADA, NYSHRL and NYCHRL. Notice is therefore given that Plaintiff intends on amending

the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

33. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

34. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

35. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Moka & Co premises continue to exist and deter Plaintiff.

36. Plaintiff is a foodie. As a foodie, Plaintiff likes to visit various cafes to experience different foods, drinks, and atmospheres. When Plaintiff enjoys a café, he becomes a repeat patron.

37. One such café is the Moka & Co premises. Plaintiff patronizes the Moka & Co premises because it is a Yemeni café that he likes.

38. Plaintiff first discovered the Moka & Co premises on his way back home from Hudson Yards.

39. Plaintiff attends various programmed events at Hudson Yards including movie nights which take place on a weekly basis in the Fall.

40. Plaintiff also shops in the vicinity of the Moka & Co premises, including at Macy's which is located directly across the street from the Moka & Co premises.

41. Plaintiff has patronized the Moka & Co premises on at least five occasions since September 2025, including on or about September 30, 2025, April 16, 2026 and July 2, 2026.

42. Plaintiff patronizes the Moka & Co premises because he likes its pastries, particularly the raspberry croissant, and because he likes its drinks, particularly the pistachio latte.

43. Plaintiff also patronizes the Moka & Co premises because he likes its environment.

44. However, Plaintiff does not like the inaccessibility of the Moka & Co premises, which mars his experience.

45. For example, the entrance to the Moka & Co premises contains a change in level within the door maneuvering clearance, which Plaintiff must traverse to enter and risks damaging his wheelchair.

46. As another example, the dining tables at the Moka & Co premises are not accessible to Plaintiff as a wheelchair user because posts and chairs interfere with his ability to sit at them, and the dining counter (bar) is too high for him to use. Plaintiff is therefore denied equal use of the dining areas.

47. As a further example, the upper level of the Moka & Co premises is accessible only by stairs, and Plaintiff therefore cannot access it. Plaintiff brought the lack of access to the upper level to the café’s attention on April 16, 2026.

48. As yet another example, the toilet room at the Moka & Co premises is too small for Plaintiff to use as a wheelchair user, and there is no maneuvering clearance for Plaintiff to pull open the door to exit. When Plaintiff needed to use the restroom at the

Moka & Co premises, he could not use it and had to leave. Plaintiff brought the size of the toilet room and its inaccessibility to the café's attention on April 16, 2026.

49. As a result of the inaccessible toilet room, whenever Plaintiff needs to use the restroom at the Moka & Co premises, he cannot use it and must leave or risk soiling himself. Plaintiff is therefore unable to remain at the Moka & Co premises for as long as he would like.

50. Plaintiff intends to patronize the Moka & Co premises for longer durations than he currently does after the premises becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code as he will no longer be forced to leave when he needs to use the restroom.

51. Plaintiff intends to patronize the Moka & Co premises more frequently than he currently does after the premises becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code because he likes the drinks and desserts served there and will be able to properly use the dining surfaces within the café.

52. Plaintiff intends to continue to patronize the Moka & Co premises multiple times a year, and to do so with full and equal enjoyment once it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

53. Plaintiff continues to suffer an injury due to Defendants' maintenance of architectural barriers at the Moka & Co premises. This is because Plaintiff desires to patronize the Moka & Co premises more frequently or remain at the premises for as long as he wishes, but he cannot do so when he needs to use a restroom, as Defendants deny

Plaintiff the opportunity to do so based on disability because they maintain architectural barriers at the Moka & Co premises.

54. Plaintiff continues to suffer an injury due to Defendants' maintenance of architectural barriers at the Moka & Co premises. This is because Plaintiff desires to patronize the Moka & Co premises on equal terms with non-disabled patrons, but Defendants deny Plaintiff the opportunity to do so based on disability because they maintain architectural barriers at the Moka & Co premises.

55. Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the Moka & Co premises.

## FIRST CAUSE OF ACTION
## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

56. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

57. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

58. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

59. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

60. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

61. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

62. The Moka & Co premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

63. Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

64. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

65. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

66. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

67. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

68. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

69. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

70. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

71. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

72. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

73. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York

State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

74. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

75. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

76. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

77. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

78. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

79. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

80. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

81. Plaintiff experiences humiliation each time he visits the Moka & Co premises and re-encounters the discriminatory treatment he endured and endures due to the architectural barriers at the Moka & Co premises.

82. Plaintiff feels stress and anxiety knowing that due to disability Defendants deny him full and equal use of the café which they make readily accessible to non-disabled individuals.

83. Defendants' conduct has deprived Plaintiff of the dignity and equal treatment guaranteed by the NYSHRL.

84. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

85. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

86. Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

87. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible. See also New York City Local Law 35 of 2016.

88. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants have aided and abetted others in committing disability discrimination.

89. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

90. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the New York City Building Code as alleged herein.

91. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

92. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the

accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

93. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

94. Defendant Moraveda Realty Corp. knew or should have known that the Moka & Co premises were open and made available to members of the public, including wheelchair users such as Plaintiff, to purchase and consume the food and beverages offered there. Through reasonable inspection and maintenance of the property it owns and leases to Yemen Coffee On 34th LLC, Moraveda Realty Corp. also knew or should have known that the conditions described herein, including the inaccessible entrance, dining areas, upper level, and toilet room, interfered with wheelchair users' ability to access and fully and equally use and enjoy the café's goods, services, facilities, privileges, advantages, and accommodations.

95. It is well known that persons with disabilities, including wheelchair users, patronize cafés that are open to the public. Moraveda Realty Corp. therefore knew or should have known of the need for accessible facilities at the property it owns and leases for use as a café.

96. Defendant Yemen Coffee On 34th LLC knew or should have known that the Moka & Co premises were open and made available to members of the public, including wheelchair users such as Plaintiff, and, through reasonable inspection, operation, and maintenance of the premises, also knew or should have known that the conditions described herein interfered with wheelchair users' ability to access and fully

and equally use and enjoy the café's goods, services, facilities, privileges, advantages, and accommodations.

97. Plaintiff's use of a wheelchair and resulting mobility limitations are open and obvious. During his visits, Plaintiff entered the Moka & Co premises using his wheelchair and interacted with the café's employees. Yemen Coffee On 34th LLC therefore knew or should have known of Plaintiff's disability and resulting need for accessible facilities.

98. Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

99. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

100. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Moraveda Realty Corp. continuously controlled, managed, and operated the public sidewalk abutting 142 West 34th Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

101. Moraveda Realty Corp.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

102. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

103. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

104. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

105. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

106. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

107. Plaintiff experiences humiliation each time he visits the Moka & Co premises and re-encounters the discriminatory treatment he endured and endures due to the architectural barriers at the Moka & Co premises.

108. Plaintiff feels stress and anxiety knowing that due to disability Defendants deny him full and equal use of the café which they make readily accessible to non-disabled individuals.

109. Defendants' conduct has deprived Plaintiff of the dignity and equal treatment guaranteed by the NYCHRL.

110. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL. Defendant Yemen Coffee On 34th LLC was notified that the toilet room is too small for Plaintiff to use and that the upper level is inaccessible to him, yet, upon information and belief, it did not remedy either condition. Its continued inaction after notice reflects a conscious disregard of Plaintiff's rights.

111. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

112. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

113. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

114. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

115. Plaintiff realleges and incorporates by reference all allegations previously set forth in this Complaint as if fully set forth herein.

116. As set forth in Plaintiff's Second Cause of Action, Plaintiff is an individual with a disability pursuant to Executive Law § 292(21).

117. As set forth in Plaintiff's Second Cause of Action, Defendants discriminated against Plaintiff because of disability in violation of the NYSHRL.

118. As set forth in Plaintiff's Second Cause of Action, Defendants continue to subject Plaintiff to discrimination because of disability in violation of the NYSHRL.

119. Defendants violated and continue to violate Civil Rights Law § 40-c by subjecting Plaintiff to discrimination in violation of the NYSHRL.

120. Plaintiff, the individual subjected to discrimination by Defendants, is a "person aggrieved" pursuant to Civil Rights Law § 40-d.

121. An entity that violates Civil Rights Law § 40-c is liable for a penalty of up to five hundred ($500) dollars, for each and every violation of section 40-c. Civil Rights Law § 40-d.

122. The penalty for each and every violation of section 40-c is recoverable by Plaintiff, as the person aggrieved.

123. Each time Plaintiff patronized or desired to patronize Defendants' establishment and was subjected to or deterred by the Moka & Co premises' inaccessibility constitutes a separate violation of the NYSHRL and Civil Rights Law § 40-c.

124. Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law § 40-d for each and every violation of Civil Rights Law § 40-c.

125. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

126. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

127. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

128. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur and to enforce the terms of the injunction, including by awarding the post-injunction fees and expenses requested below;

D. Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA;

I. Award Plaintiff reasonable attorney's fees, costs, and expenses incurred after entry of the injunction or judgment in monitoring, verifying, and enforcing Defendants' compliance, in an amount to be determined upon application to the Court; and

J. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: October 6, 2026

Respectfully submitted,

**HANSKI PARTNERS LLC**

By: /s/ Robert G. Hanski
Robert G. Hanski, Esq.
Attorneys for Plaintiff
4 International Drive, Suite 110
Rye Brook, NY 10573
Telephone: (212) 248-7400
Email: rgh@disabilityrightsny.com